UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CASE NO.: 1:21-CR-79-HAB |
| ) | |
| CHRISTINA M. MORRIS  ) | |

## OPINION AND ORDER

For five years, Defendant Christina M. Morris ("Morris"), a former VA employee, submitted fraudulent reimbursements to the Office of Worker's Compensation Programs via U.S. Mail. When the jig was up, Morris had submitted 278 fraudulent reimbursements for visits to a clinic between 2014 and 2019 that never occurred and pocketed nearly $340,000 in reimbursements to which she was not entitled. Morris pled guilty to mail fraud and the Court sentenced her to 27 months imprisonment. Now, Morris moves for a sentence reduction under the Compassionate Release provisions of 18 U.S.C. §3582(c)(1)(A). (ECF No. 38). Because the Defendant has not asserted an extraordinary and compelling reason for release and the §3553 factors do not aid her cause even if she did, the Defendant's Motion will be DENIED.

## DISCUSSION

Defendant's motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, Defendant must first show that she has satisfied the statutory exhaustion requirement. The Government concedes that Defendant has properly exhausted her remedies. (ECF No. 45 at 5).[1]

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, have not yet been amended to reflect the First Step Act's change to § 3582(c)(1)(A) allowing prisoners to bring compassionate release claims directly. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)[2]. As a result, "§ 1B1.13 and its application notes

---

[1] Exhaustion is an affirmative defense that, when asserted by the Government, must be rebutted by the Defendant. Although the Government concedes the issue of exhaustion and thereby waives the defense here, the Court has nothing before it to demonstrate that Morris exhausted *all* her administrative remedies, including appeals.

[2] Yet as *Gunn* made clear, the Guidelines' requirement that the court consider whether the reduction is otherwise "consistent with this policy statement" does not limit a district judge's discretion. This is because the statute by which the district court is bound requires a reduction to track "applicable policy statements." And the Sentencing Commission has not yet issued a policy statement "applicable" to Defendant's request. Thus, *Gunn* held, "[a]ny decision is 'consistent with' a nonexistent policy statement." *Gunn*, 980 F.3d at 1180

provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release." *United States v. Hoskins*, No. 2:99 CR 117, 2020 WL 7640408, at *2 (N.D. Ind. Dec. 23, 2020) (citing *Gunn*, 938 F.3d at 1180). Indeed, "[d]istrict judges must operate under the statutory criteria–'extraordinary and compelling reasons'–subject to deferential appellate review." *Gunn,* 980 F.3d at 1181.[3]

Using the guidance of §1B1.13 to inform the statutory criteria, the court considers the medical condition of the defendant, her age, her family circumstances, and whether there is in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court determines whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court considers the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Defendant believes that the medical conditions of herself and her elderly mother constitute extraordinary and compelling reasons, entitling her to compassionate release. More pointedly, Defendant seeks release to care for her elderly mother who has chronic conditions requiring round the clock care. Presently, Defendant's sister, who is afflicted with Down Syndrome, is living with Defendant's mother and is unable to continue caring for Defendant's mother. That said, Defendant makes much of her own medical issues which begs the question of whether she would be able to care for her mother adequately upon release.

---

[3] At the time of this Opinion and Order, the Sentencing Commission has proposed amendments to §1B1.13 which have been circulated for public comment. However, until enacted and formally adopted by the Commission, those proposed amendments do not alter the Court's current analysis. For a reader-friendly version of the proposed amendments, see https://www.ussc.gov/guidelines/amendments, Proposed 2023 Amendments to the Federal Sentencing Guidelines.

But none of that matters. While the Court is sympathetic to the concerns of Defendant about the health of her aging mother, "family circumstances that would amount to an extraordinary and compelling reason [for compassionate release] are strictly circumscribed under the [applicable United States Sentencing Commission] policy statement and do not encompass providing care to elderly parents." *United States v. Goldberg*, No. 12-180 (BAH), 2020 WL 1853298, at *4 (D.D.C. April 13, 2020); *see also* U.S.S.G. § 1B1.13 cmt. n.1(C) (limiting family circumstances that may be considered an adequate reason for a sentence reduction to the need to care for the defendant's minor children or a spouse or registered partner when no other caregiver is available).[4] Thus, "[c]ourts have not considered a parent's or grandmother's health as an 'extraordinary and compelling' reason under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Stewart*, No. 1:16-CR-89-HAB, 2020 WL 5406181, at *3 (N.D. Ind. Sept. 9, 2020); *see also United States v. Bonel*, No. 4:14-CR-180 (4), 2020 WL 3470319, at *3 (E.D. Tex. June 25, 2020) (defendant's contention that she "is needed at home to help her grandmother," while commendable, does not meet the requirements for family circumstances that establish extraordinary and compelling reasons for release from imprisonment); *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *10 (D. Nev. June 2, 2020) (denying defendant's compassionate release motion to care for his widowed mother's deteriorating health); *Goldberg*, 2020 WL 1853298, at *4 (denying

---

[4] Application Note 1 to U.S.S.G. § 1B1.13, subpart (C) states:
>  <(C) Family Circumstances.-->
>
>> <(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.>
>>
>> <(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.>

U.S.S.G. § 1B1.13, cmt., app. note 1(C).

4

compassionate release motion and stating that "a desire to care for one's elderly parents does not qualify as an 'extraordinary and compelling' reason for release" under 18 U.S.C. § 3582(c)(1)(A)); *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 15, 2019) (denying compassionate release motion to care for defendant's ill mother because "[m]any, if not all inmates, [have] aging and sick parents"). Thus, as it stands presently, Defendant has not demonstrated an extraordinary and compelling reason for release.

The Seventh Circuit has noted that where the Court does not find extraordinary and compelling reasons supporting release, it need not address the § 3553(a) factors. *See Thacker*, 4 F.4th at 576 (consideration of the § 3553(a) factors is required only "upon a finding that the prisoner has supplied such a [extraordinary and compelling] reason"). This notwithstanding, the Court addresses these factors here for two reasons: first, the proposed amendments to the guidelines may, in the future, create new grounds for release under the compassionate release statute that Defendant believes warrant release; and second, to disabuse Defendant of the notion that the Court finds her suitable for release under the §3553(a) factors.

The Defendant's crime, albeit a financial crime, was egregious. This was not a one-off mistake. She foolishly repeated her crime 277 more times over the course of 5 years to pocket $338,718.17, represented by a money judgment against her. (ECF No. 30). At sentencing, this Court found her offense conduct so inexcusable that she received the high end of the guideline provisions of 27 months. For this Court to now, undermine its own finding that the offense conduct warranted such a stiff sentence would require a showing that the Defendant has not made – that she is truly remorseful and has any intention of repaying the substantial restitution she owes. In fact, her filing does not address either. Instead, she mentions that she has obtained 25 "certificates for rehabilitation classes" and bemoans the fact that family members passed away while she's been

5

incarcerated. While the Court is sympathetic to the death of Defendants' grandparents and father during her time in prison, many inmates lose family members while incarcerated. Further, the strides Defendant has made to make the most of her prison time are admirable; but rehabilitation is neither a stand-alone reason for compassionate release, see *United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme ... rehabilitation cannot serve as a stand-alone reason for compassionate release") (cleaned up), nor do her rehabilitation efforts change this Court's analysis of the §3553 factors.

The simple fact is that the Defendant, absent regard for the consequences or the harm to taxpayers, stole a substantial amount of money from the public fisc and received a high-end guideline sentence to account for her crime. The Court does not believe early release comports with the notion of just punishment for the offense nor does it provide adequate protection of the public interest to ensure that the Defendant does not repeat her crime.

## CONCLUSION

For the above reasons, the Defendant's Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A)(i) is DENIED. (ECF No. 38).

SO ORDERED on April 17, 2023.

       s/ *Holly A. Brady*
      JUDGE HOLLY A. BRADY
      UNITED STATES DISTRICT COURT